IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-20124-CM |
| **DOUGLAS M. SCHULER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

Defendant is charged with two counts of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a).  Currently before the court is defendant's motion in limine (Doc. 11).  Defendant seeks to exclude five categories of evidence.  Defendant argues that these categories of evidence are not admissible under Federal Rules of Evidence 403 and 404.  The government responds that this evidence is intrinsic to the charged crimes and satisfies Rule 403.  As an alternative argument, the government asserts that the evidence is being introduced for a proper purpose under Rule 404(b) and satisfies Rule 403.

Federal Rule of Evidence 404(b) limits the admissibility of evidence related to "a crime, wrong, or other act."  Fed. R. Evid. 404(b).  This rule does not apply to intrinsic evidence.  *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011).  Evidence is intrinsic "when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  *Id.* (quoting *United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993)).  Intrinsic evidence is still subject to Rule 403 and may be excluded "if its probative value is substantially outweighed by the danger of

unfair prejudice." Fed. R. Evid. 403; *see also Irving*, 665 F.3d at 1213. Exclusion under Rule 403, however, is "an extraordinary remedy that should be used sparingly." *Id.*

Rule 404(b) does apply to extrinsic evidence. But even extrinsic evidence of other crimes, wrongs, or acts may be admissible if introduced for a proper purpose such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In analyzing admissibility under Rule 404(b)(2), the court considers four factors:

> (1) the evidence is offered for a proper purpose under [Rule 404]; (2) the evidence is relevant under [Rule 401]; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under [Rule 403]; and (4) upon request, the court must instruct the jury to consider the evidence only for the proper purpose for which it was admitted.

*United States v. Leonard*, 439 F.3d 648, 650 (10th Cir. 2006).

The court has reviewed the briefs and the applicable law. The court also reviewed cases from other circuits addressing similar issues. *See, e.g.*, *United States v. Nichols*, No. 3:10-cr-00217, 2011 U.S. Dist. LEXIS 24017 (M.D. Tenn. Mar. 7, 2011) (admitting morphed photos of victim as intrinsic evidence). The court cannot resolve defendant's motion on the current evidentiary record. Neither party provided the court with a copy of the evidence that defendant seeks to exclude. Nor has either party explained to the court the content of the videos upon which defendant's two charges are premised. Without this information, the court cannot determine whether the evidence referenced in defendant's motion is relevant and/or admissible.

Accordingly, the court orders an evidentiary hearing to be held on **May 2, 2012, at 1:30 PM**. At the hearing, the evidence upon which defendant's charges are based as well as the evidence referenced in defendant's motion should be made available for the court's review. Both parties should also be prepared to make more detailed representations to the court about the content of this evidence. The court will individually address each category of evidence. Defendant should be prepared to

explain why the evidence should be excluded.[1]  The government can then respond and explain its position.  The court encourages both parties to focus their arguments on the above legal standards and how they specifically apply to the five categories of evidence.

Either party can contact chambers if they would like additional information about the format of the hearing.

**IT IS THEREFORE ORDERED** that the court will hold an evidentiary hearing on May 2, 2012, at 1:30 PM.

Dated this 26th day of April, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

---

[1]  Defendant's brief—as the court currently understands it—suggests that evidence is only admissible if it is criminal (i.e., constitutes child pornography).  The court is very skeptical of this argument.

-3-