IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.                  Case No. 11-20124-JWL

**Douglas M. Schuler,**

   **Defendant.**

## MEMORANDUM & ORDER

In May 2012, defendant Douglas M. Schuler, pursuant to a Rule 11(c)(1)(C) plea agreement with the government, pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a). The judge assigned to the case at the time sentenced defendant to 180 months, consistent with the parties' agreement. Defendant did not file an appeal and has never filed a motion under § 2255 to vacate his conviction or sentence. His projected release date is February 9, 2025.

This matter is now before the court on defendant's motion to "vacate the conviction and sentence" based upon Federal Rule of Civil Procedure 60(b)(2), (4) and (6); Federal Rule of Criminal Procedure 36; 28 U.S.C. § 1651; and 18 U.S.C. § 3582(b) (doc. 36). He seeks relief based on his assertion that certain special conditions of his supervised release were not made known to him at his sentencing hearing. He also asks the court to reduce his sentence to time served based on his rehabilitation efforts and the fact that COVID-19 continues to spread through his correctional facility. For the reasons discussed below, the motion is denied in part and dismissed in part.

*Factual and Procedural Background*

In May 2012, defendant pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a). In August 2012, he was sentenced to 180 months imprisonment, followed by a five-year term of supervised release. At sentencing, the court confirmed with defendant's counsel that he had reviewed the contents of the presentence report with defendant and had advised defendant about the contents of that report. The court separately confirmed with defendant that he had reviewed the contents of the presentence report with his counsel. Defendant's counsel also confirmed to the court that there were no objections or challenges to the presentence report. In sentencing defendant, the court expressly indicated its intent "to impose each of the mandatory and special conditions of supervision as set forth in Part D of the presentence report." While the court highlighted some of those conditions, the court did not orally enumerate each of the special conditions. The written judgment, issued the next day, enumerated the special conditions of defendant's supervised release as set forth in the presentence report.

Now, nearly nine years after defendant's sentencing, defendant argues that the court's failure to pronounce each special condition of supervised release violates his constitutional rights and that the written judgment conflicts with the oral judgment such that the court must amend the written judgment to remove the supervised release conditions. He also asserts a claim for ineffective assistance of counsel on the grounds that his counsel failed to ensure that the written judgment reflected the oral pronouncement at sentencing. Finally, he contends that because the court must amend the judgment based on these errors, the court should also use this opportunity to reduce defendant's sentence to time served in light of his rehabilitation efforts and the spread of COVID-19 in his facility.

*Analysis*

While defendant asserts numerous theories under which the court might amend his sentence, he urges in his reply brief that he primarily seeks relief under Federal Rule of Criminal Procedure 36. That rule, which permits a district court to correct a "clerical error" in a judgment, is clearly inapplicable. Defendant does not allege that a clerical error in the judgment occurred; he contends that his constitutional rights were violated because the court did not orally pronounce the special conditions of his supervised release such that he had no opportunity to object to those conditions. In a nearly identical case, the Circuit, albeit in an unpublished opinion, held that no error exists. *See United States v. Allison*, 531 Fed. Appx. 904 (10th Cir. 2013). In *Allison*, the court emphasized that the defendant, like defendant here, confirmed in open court that he had reviewed the presentence report before sentencing; that the court orally announced its intent to include each of the special conditions of supervised release set forth in the presentence report; and that those conditions were reproduced verbatim in the defendant's judgment and sentence. *Id*. at 905. In other words, the oral and written sentences did not conflict and no error existed. *Id*. at 905-06. Defendant, then, is not entitled to relief under Rule 36.

Significantly, the Circuit in *Allison* also highlighted that the defendant's motion was "an attempt to get around normal appellate and post-conviction procedures." *Id*. at 905-06. Specifically, the Circuit noted because the defendant alleged a constitutional error, the error should have been raised on direct appeal or, if not possible, through 28 U.S.C. § 2255. The Circuit concluded that although the filing deadlines had long since passed for both an appeal and a § 2255 petition, the defendant could not "sidestep" the timeliness restrictions of those avenues by

"reclassifying" his claim as a "clerical error." *Id*. Here, defendant never filed a direct appeal and he appears to go out of his way to avoid characterizing his claim as one under § 2255, despite the fact that he expressly asserts a claim for ineffective assistance of counsel. But his reluctance to file a § 2255 petition does not permit him to simply cast the claim as one for "clerical" relief under Rule 36.[1]

Defendant also seeks relief under Federal Rule of Civil Procedure 60(b). He contends that under Rule 60(b), the court may relieve him of the final judgment for "newly discovered evidence" that, with reasonable diligence, could not have been discovered earlier. But Rule 60(b) is not applicable in criminal cases and does not provide an independent source of jurisdiction in criminal cases. *See United States v. Twitty*, 2020 WL 7689700, at *2 (10th Cir. Dec. 28, 2020) (collecting cases). The court, then, lacks jurisdiction to consider defendant's motion to the extent it is asserted under Rule 60(b).

Defendant also relies on 18 U.S.C. § 1651 as a basis for relief. Even assuming that the "ancient common law writ of audita querela" remains available as a form of relief, *see United States v. Spring*, 614 Fed. Appx. 386 (10th Cir. 2015) (calling that assumption a "generous" one), defendant is clearly not entitled to it. It has long been settled that a writ of audita querela is "not available to a petitioner when other remedies exist." *See id.* (citing *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002)). Other remedies clearly exist for defendant to challenge his sentence, even if those avenues are significantly restricted or likely to be unsuccessful. *See id*. In

---

[1] The court declines to recharacterize defendant's motion as a § 2255 petition because it appears to the court that he is trying to avoid that characterization. *See United States v. Kelly*, 235 F.3d 1238, 1241–42 (10th Cir. 2000) (addressing the potentially adverse consequences of recharacterizing a pro se post-conviction motion not expressly made under § 2255).

short, defendant has not established that he is entitled to the writ he seeks. *See id.* The motion is denied to the extent it is based on 18 U.S.C. § 1651.

To the extent defendant's motion is expressly based on 18 U.S.C. § 3582(b), the court lacks jurisdiction to consider it. This section merely defines "final judgment" and "does not grant jurisdiction to a district court to do anything, let alone correct an illegal sentence." *United States v. Leonard*, 120 Fed. Appx. 759, 760–61 (10th Cir. 2005) (district court did not have jurisdiction to consider the merits of motion for review of sentence under § 3582(b)).

Finally, defendant requests that the court reduce his sentence to time served due to his rehabilitation efforts and the COVID-19 pandemic. While the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow defendants to seek early release from prison, certain conditions must first be met. Specifically, the statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* Defendant concedes that he has not exhausted his administrative remedies but urges that the court should waive this requirement because any exhaustion attempt would be futile. As the undersigned has previously ruled, however, in agreement with the others judges in this district, the requirement is jurisdictional and cannot be waived. *See United States v. Trevino*, 2020 WL 3859662, at *1 (D. Kan. May 18, 2020) (citing *United States v. Wright*, 2020 WL 2306898, at *2 & n.11 (D. Kan. May 8, 2020) (citing cases)). Accordingly, the court must dismiss this aspect of defendant's motion without prejudice to refiling upon a showing of exhaustion. *See United States v. Springer*, 820 Fed. Appx. 788 (10th Cir. July

15, 2020) (suggesting in dicta that dismissal is required where movant fails to exhaust administrative remedies); *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to "vacate the conviction and sentence" based upon Federal Rule of Civil Procedure 60(b)(2), (4) and (6); Federal Rule of Criminal Procedure 36; 28 U.S.C. § 1651; and 18 U.S.C. § 3582(b) (doc. 36) is **denied in part and dismissed in part**.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge