IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 11-20124-JWL**

**Douglas M. Schuler,**

    **Defendant.**

### MEMORANDUM AND ORDER

On March 19, 2021, the court issued an order denying in part and dismissing in part defendant's motion to vacate his conviction and sentence based upon Federal Rule of Civil Procedure 60(b)(2), (4) and (6); Federal Rule of Criminal Procedure 36; 28 U.S.C. § 1651; and 18 U.S.C. § 3582(b). In that motion, defendant sought relief based on his assertion that certain special conditions of his supervised release were not made known to him at his sentencing hearing. According to defendant, the written judgment conflicts with the oral judgment such that the court was required to amend the written judgment to remove the special conditions not orally enumerated during sentencing.

The court rejected this argument because the record reflected that the court, at sentencing, confirmed with defendant that he had reviewed the contents of the presentence report with his counsel; expressly indicated its intent "to impose each of the mandatory and special conditions of supervision as set forth in Part D of the presentence report;" and the written judgment enumerated the special conditions of defendant's supervised release as set forth in the presentence report. In so holding, the court relied in large part on the Tenth Circuit's decision in *United States v. Allison*,

531 Fed. Appx. 904 (10th Cir. 2013). In *Allison*, the Circuit emphasized that the defendant, like defendant here, confirmed in open court that he had reviewed the presentence report before sentencing; that the court orally announced its intent to include each of the special conditions of supervised release set forth in the presentence report; and that those conditions were reproduced verbatim in the defendant's judgment and sentence. *Id.* at 905. In other words, the oral and written sentences did not conflict and no error existed. *Id.* at 905-06.

This matter is now before the court on defendant's motion for reconsideration (doc. 44) of the court's March 19, 2021 memorandum and order.[1] In his motion, defendant urges that the court's reliance on *Allison* was error. According to defendant, the district court's opinion in *Allison* reflects that the court in fact orally enumerated each of the special conditions of supervised release at the sentencing hearing. *See United States v. Allison*, 2013 U.S. Dist. LEXIS 65483, at *2-3 (D. Kan. May 8, 2013) ("The transcript of the sentencing hearing clearly reflects that the court imposed each of the special conditions orally at the sentencing hearing and that the written judgment is consistent with the oral sentence."). Notably, the court in *Allison* did not state that the transcript reflected that the court "enumerated" each of the special conditions of supervised release orally at the sentencing hearing. Rather, the court stated that it "imposed" each of the special conditions orally at the sentencing hearing. And a review of the sentencing transcript indicates that the court imposed those conditions in the way they were imposed in defendant's case—by confirming with defendant and his counsel that they had reviewed the PSR together; by

---

[1] In his underlying motion, defendant also asked the court to reduce his sentence to time served based on his rehabilitation efforts and COVID-19 pandemic. Defendant does not seek reconsideration of that aspect of the court's memorandum and order.

confirming that defendant had no objections to the special conditions recommended in the PSR; by incorporating by reference each of the special conditions of supervision set forth in the PSR; and finally by ensuring that the special conditions set forth in the PSR were included verbatim in the written judgment issued after the sentencing hearing. *Id*. at *2. Contrary to defendant's assertion, then, the court in *Allison* did not orally enumerate each of the special conditions of supervised release. The court's reliance on *Allison*, then, was entirely appropriate and *Allison* remains persuasive to the court on the issue raised by defendant in his underlying motion.

Defendant also contends that the Tenth Circuit has held that special conditions of supervised release must be orally pronounced at sentencing. But the two cases cited by defendant do not stand for that principle. In *United States v. Jim*, 804 Fed. Appx. 895, 900 (10th Cir. 2020), the government conceded that it was error for the district court to impose a special condition in its written judgment when the court had expressly agreed to exclude that special condition during its oral pronouncement of the sentence. That case, then, simply recognizes that the oral pronouncement controls in the event of a conflict. *See id*. In *United States v. Blair*, 933 F.3d 1271, 1272 (10th Cir. 2019), the Circuit held that a special condition of supervised release regarding computer use was impermissibly broad and the district court abused its discretion by imposing it. In response to the government's argument that the district court did not intend the condition to reach so broadly, the Circuit reiterated that "an oral pronouncement of sentence from the bench controls over written language," and highlighted that the district court, when it orally explained the condition from the bench, indicated its intent for the condition to operate as a complete ban. *Id*. at 1278. Nothing in *Jim* or *Blair*, then, supports defendant's argument that each special condition of supervised release must be orally enumerated at sentencing.

For the foregoing reasons, the court denies defendant's motion for reconsideration of its March 19, 2021 memorandum and order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 44) is **denied**.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge