## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                         **Case No. 11-20124-JWL**

**Douglas M. Schuler,**

        **Defendant.**

### **MEMORANDUM AND ORDER**

Defendant Douglas M. Schuler pled guilty to production of child pornography pursuant to a Rule 11(c)(1)(C) plea agreement with the government.   The judge assigned to the case at the time sentenced defendant to 180 months, consistent with the parties' agreement.  Defendant did not file an appeal.  His projected release date is February 9, 2025.  This matter is now before the court on defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (doc. 56).

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id*. at 1043. But when a district court

grants a motion for compassionate release, it must address all three steps. *Id*. As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. The court, then, declines to address the other prerequisites.[1]

In his motion, defendant seeks compassionate release based on three grounds. He asserts that he suffers from "long-haul covid," including symptoms of fatigue, light-headedness and joint pain resulting from a May 2020 COVID-19 infection.[2] He further asserts that his conditions of confinement place him at a high risk for another COVID-19 infection. Finally, he contends that his parents are both in poor health and that he is needed to assist with their medical care. As will be explained, the motion is denied.

Defendant has submitted no medical records or any other evidence supporting his assertion that he suffers from symptoms of long-haul covid. The minimal medical records submitted by the government reflect that defendant has experienced some joint pain since 2014—long before any COVID-19 infection. And even assuming that defendant has experienced fatigue, light-headedness and joint pain since May 2020, he does not contend that these symptoms are severe and he does not explain how these symptoms impact his daily life. Moreover, he does not credibly contend that the medical care he has received in prison is inadequate.[3] In summary, the minimum

---

[1] The government has not challenged defendant's evidence that he has exhausted his administrative remedies. Any argument about exhaustion, then, has been waived. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[2] Defendant believes he had a subsequent COVID-9 infection in 2021 but was not tested for infection at that time.

[3] Defendant contends that "no medical services are being provided to inmates" because of COVID-19, but the only evidence he has to support this assertion is a single medical entry from September 2020 indicating that the blood glucose level of an unnamed diabetic inmate was not

medical documentation in the record in no way supports the conclusion that defendant is experiencing symptoms of long-haul covid and there is no evidence that any symptoms he is experiencing are sufficiently severe to warrant early release.

Defendant has also failed to identify any underlying medical condition that places him at an increased risk of serious illness or death if he is reinfected.  And the record reflects that he has been vaccinated.  While the court acknowledges the recent spread of the highly contagious Omicron subvariants and the risk of infection despite vaccinations and earlier infections, these circumstances reflect that the risk of infection is not limited to BOP facilities.  *See United States v. Woodley*, 2022 WL 2467730, at *6 (W.D. Penn. July 6, 2022) (incarcerated individual may not be safer if released to the general population in light of increased infection rates and Omicron subvariants) (collecting cases).  In light of defendant's health, his vaccinated status, and the fact that the current vaccines are expected to protect against severe illness, hospitalization, and deaths with the Omicron subvariants, the court finds that defendant has not set forth an extraordinary or compelling reason justifying compassionate release. *See id*.

The court turns, then, to defendant's motion for compassionate release as it relates to his family situation and, more specifically, his desire to care for his ailing parents.  Defendant does not indicate who has been caring for his parents and he does not suggest that the care that his parents presumably have been receiving is inadequate.  Significantly, the presentence report indicates that defendant has three siblings in his "close" family and defendant does not indicate that his siblings are unable to care for their parents.  Moreover, while it is commendable that the

---

checked on one occasion due to a "modified lockdown."  This hardly suggests that no medical services have been provided since the pandemic began.

welfare of his parents is now forefront in defendant's mind, the wellbeing of his family was an insufficient deterrent at the time he committed his crime and it is not the court's obligation to lessen the burden the defendant placed on his family in the first instance. *United States v. Williamson*, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021).  In short, the record before the court concerning defendant's desire to care for his parents falls remarkably short of establishing an extraordinary and compelling reason for a sentence reduction. *See United States v. Whalen*, 2020 WL 3802714, at *8 (D. Me. July 7, 2020) (the defendant's desire to be with her children, without more, did not justify compassionate release); *United States v. Scott*, 461 F. Supp. 3d 851, 863–64 (E.D. Wis. 2020) (while the defendant "would no doubt like to spend time with" family members, "that is also likely true of most prisoners" and defendant did not establish that his situation was extraordinary).[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (doc. 56) is **denied.**

**IT IS SO ORDERED.**

Dated this __2nd__ day of August, 2022, at Kansas City, Kansas.

---

[4] To the extent defendant relies on his rehabilitative efforts in connection with the "extraordinary and compelling" inquiry, as opposed to the § 3553(a) factors, the motion is denied. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge